Case 1:15-cv-03019-JGK Document 7 Filed 06/16/15 Page 1 of 4

USDC SDNY Case 1:15-cv-03019-JGK Document 6 Filed 06/15/15 Page 1 of 2
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 6/16/15

# WILMERHALE

June 15, 2015

*[Handwritten: Time to move or answer extended to July 13, 2015. So ordered. 6/15/15 /s/ J. Koeltl U.S.D.J.]*

Ariella Feingold

+1 212 937 7521 (t)
+1 212 230 8888 (f)
ariella.feingold@wilmerhale.com

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Bradford Bodine v. Canaccord Genuity Inc. and Daniel Daviau*, No. 15-cv-3019 (JGK)

Dear Judge Koeltl:

In accordance with Rule 1.E of this Court's Individual Practices, Defendants Canaccord Genuity Inc. and Daniel Daviau respectfully submit this letter-motion requesting an additional twenty-one days to respond to the complaint of plaintiff Bradford Bodine, such that a response would be due on July 13, 2015 instead of on June 22, 2015. No previous requests for extension have been made, and the request should not affect any other scheduled dates for this litigation. In support of this request, Defendants state as follows:

On May 29, 2015, Plaintiff's counsel asked whether counsel for Defendants would accept service on behalf of the Defendants, one of whom resides in Canada. That same day, in the spirit of cooperation, counsel for Defendants agreed to accept service on behalf of both Defendants. On June 1, 2015, Plaintiff's counsel therefore e-mailed to counsel for the Defendants a copy of the complaint (though summons were not received until June 5, 2015).

On June 5, 2015, counsel for Defendants sought from Plaintiff's counsel a twenty-one day extension to respond to the complaint, as the attorney being assigned to the case had just been selected for jury duty and would be on a civil trial the following week.

On June 8, 2015, Plaintiff's counsel refused to consent to the extension on the ground that a draft complaint had previously been sent in the course of settlement negotiations and "WilmerHale has hundreds of attorneys around the world" (see Exhibit A hereto). Tellingly, Plaintiff's counsel ultimately stated that he would agree to an extension of time to file an *answer* to the complaint but not a motion (see Exhibit A), making clear that his concern was not about a delay in the litigation but rather about not affording Defendants sufficient time to raise any legal infirmities in the complaint.

Defendants seek the requested extension to ensure that they have sufficient time to respond to the complaint in light of the fact that the attorney assigned to assist with the case, Ariella Feingold, was unable to turn to the case before now due to her being seated as a juror on a one-week jury trial. Defendants further state that Ms. Feingold has been assigned to this case since she is the only attorney in WilmerHale's six-attorney Labor and Employment Department who is admitted in New York. Furthermore, Defendants did not want to waste time and money considering and

WILMERHALE

Judge Koeltl
June 15, 2015
Page 2


responding to Plaintiff's draft complaint until it was filed and served, as Defendants had remained hopeful that this matter could be resolved short of litigation.

Respectfully submitted,

/s/ Ariella Feingold
Ariella Feingold

Cc:   All Counsel (by ECF)

ActiveUS 146018237v.1

# Rosenfeld, Jonathan

| | |
|---|---|
| From: | Scott Grubin <sgrubin@wigdorlaw.com> |
| Sent: | Monday, June 08, 2015 11:39 AM |
| To: | Rosenfeld, Jonathan |
| Cc: | Feingold, Ariella; Elizabeth Chen |
| Subject: | RE. Bodine/Canaccord |

Jon, I'm usually very accommodating on these types of requests, however under the circumstances, I cannot consent to your extension of time. Your firm has had the complaint since April 24, 2015, almost a month and a half ago, when we provided you a draft copy of the complaint.

Only after months of largely unfruitful settlement discussions, did we ultimately send you a draft version of the complaint we ultimately filed. In our cover letter, we informed you that the complaint would be filed by April 28, 2015 if we were unable to resolve this matter. Indeed, while the complaint was filed on May 13th and you informed us of your agreement to accept service on May 29th, the fact remains you and your clients have had more than ample time to determine how to respond to Mr. Bodine's five count complaint.

Moreover, the issues involved are hardly complex or unique. Also, WilmerHale has hundreds of attorneys around the world and while I appreciate how busy you must be, Ms. Feingold's mere selection as a juror, under these circumstances, hardly seems to merit an extension of time. Finally, it is worth reminding you of the fact that during the course of our discussions, you did not respond to my emails timely and you refused to return my phone calls.

However, if you agree to limit your request for an extension of time to answer only – not move – I am willing to reconsider my position.

-Scott


**Scott G. Grubin**
*Of Counsel*

**WIGDOR LLP**
85 Fifth Avenue, New York, NY 10003
T: (212) 257-6800   F. (212) 257-6845

sgrubin@wigdorlaw.com
www.wigdorlaw.com

This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

**From:** Rosenfeld, Jonathan [mailto:Jonathan.Rosenfeld@wilmerhale.com]
**Sent:** Friday, June 05, 2015 12:03 PM
**To:** Elizabeth Chen; Scott Grubin
**Cc:** Feingold, Ariella
**Subject:** RE: Bodine/Canaccord

1

Scott and Elizabeth:

My colleague, Ariella Feingold, who is working with me on this matter has just been selected as a juror on a case. Consequently, I request an additional 21 days from the original due date for the responsive pleading. Also, I did not receive any summonses in the case. Please send.

Sincerely,
Jon Rosenfeld

**Jonathan D. Rosenfeld | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6941 (t)
+1 617 526 5000 (f)
jonathan.rosenfeld@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.