WILMERHALE

**VIA ECF**

July 13, 2015

Ariella Feingold

+1 617 526 6140 (t)
+1 617 526 5000 (f)
ariella.feingold@wilmerhale.com

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Bradford Bodine v. Canaccord Genuity Inc. and Daniel Daviau*, No. 15-cv-3019 (JGK)

Dear Judge Koeltl:

We represent the Defendants Canaccord Genuity Inc. ("Canaccord") and Daniel Daviau (collectively, the "Defendants"). In accordance with Rule 2(A) of Your Honor's Individual Practices, we write to request a pre-motion conference regarding the Defendants' anticipated motion to dismiss the Plaintiff's Complaint.

The Defendants anticipate moving for dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, as well as pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. We have summarized below the relevant facts and bases for the Defendants' anticipated motion.

The Plaintiff was employed by Canaccord as a Senior Managing Director, Head of U.S. Fixed Income in the United States until his termination on October 31, 2014. Pursuant to a May 27, 2014 Loan Agreement between the Plaintiff and Canaccord, the Plaintiff owes Canaccord $308,000, which indebtedness is secured by a $500,000 Long Term Incentive Plan stock grant that was made to the Plaintiff in connection with his employment (Compl. at ¶ 47). On January 12, 2015, the Plaintiff was paid a $150,000 bonus amount promised to him in his Offer Letter. The essence of the Plaintiff's Complaint is that he was paid this $150,000 bonus six weeks after his Offer Letter stated it was to be paid (Compl. at ¶ 57), and the Plaintiff seeks damages for such delayed payment. The Plaintiff also seeks a declaratory judgment that a restrictive covenant in Canaccord's Long Term Incentive Plan is unenforceable (Compl. at ¶ 73) and that Canaccord cannot cancel whatever stock units remain after they are applied to his $308,000 indebtedness to Canaccord (Compl. at ¶ 63).

As a threshold matter, the Defendants anticipate seeking to dismiss the Complaint because there is no federal subject matter jurisdiction over the Plaintiff's claims, which are predicated on complete diversity of citizenship under 28 U.S.C. § 1332(a)(1) and (a)(3). (Compl. at ¶ 10.) Although the Complaint asserts that there exists complete diversity between the parties, the

WILMERHALE

Honorable John G. Koeltl
July 13, 2015
Page 2

Complaint fails to aver the citizenship of the Plaintiff or Canaccord.[1]  However, by order of this court, the Plaintiff has admitted that he is a citizen of New York (see Plaintiff's Letter to Hon. John Koeltl, dated May 15, 2015, ECF No. 4).  Also by order of this court, Canaccord has advised the court, concurrently with this Motion, that its principal place of business is New York, thereby making Canaccord a citizen of New York.   Because both the Plaintiff and Canaccord are citizens of New York, the Plaintiff cannot establish the basis for the court's subject matter jurisdiction, and the Complaint must be dismissed on this ground.

Furthermore, the Defendants anticipate asserting that the court need not and should not provide the Plaintiff with leave to file an amended complaint because doing so would be futile given that each of the Plaintiff's asserted causes of action are subject to dismissal.

First, because the Plaintiff was an executive, he cannot maintain a claim for failure to pay wages under Article 6 of the New York Labor Law (Count One) due to Canaccord's delayed payment of his bonus.  See Malinowski v. Wall St. Source, Inc., No. 09 Civ. 9592, 2012 U.S. Dist. LEXIS 11575, at *8 (S.D.N.Y. Jan. 31, 2012) ("Section 191 does not apply here … because … Malinowski was an executive during his service at WSS, and it is firmly established that § 191 is inapplicable to executives."); Wiggins v. Hain Pure Protein Corp., 829 F. Supp. 2d 231, 241 (S.D.N.Y. 2011) ("Although executives may be able to bring claims for unauthorized deductions from wages pursuant to § 193…. Wiggins's allegations do not state a claim under § 193 because that section has nothing to do with failure to pay wages . . . governing instead the specific subject of making deductions from wages.") (internal quotation marks omitted); Moras v. Marco Polo Network, Inc., No. 11 Civ. 2081, 2012 U.S. Dist. LEXIS 181110, at *31 (S.D.N.Y. Dec. 20, 2012) ("Nor can Moras sustain a claim under section 193: Section 193 has nothing to do with failure to pay wages … governing instead the specific subject of making deductions from wages.") (internal quotation marks omitted).  Moreover, Canaccord's payment of the entire bonus amount four months before the Plaintiff commenced this lawsuit renders such claim moot.

Second, the Plaintiff cannot maintain a claim for declaratory judgment (Count Two) because no actual controversy exists.  The Plaintiff seeks a declaratory judgment invalidating the restrictive covenant in Canaccord's Long Term Incentive Compensation Plan, which permits Canaccord to cancel the Plaintiff's unvested stock units if, within one year of his termination, the Plaintiff is found to have become employed by a competitor of Canaccord, in an area of the business in which he was involved at Canaccord, to Canaccord's detriment.  However, the mere existence of such a restrictive covenant is insufficient to establish an immediate and real controversy when the Plaintiff does not even allege plans to work at competitor prior to the one-year anniversary of

---

[1] Although the Complaint notes in Paragraph 13 that Canaccord is a Delaware company, it carefully avoids ascribing it a "principal place of business."  Instead, the Complaint (incorrectly) asserts that Canaccord's headquarters are in Vancouver, in so doing failing to note that the Vancouver headquarters are in fact those of Canaccord's indirect *parent* company, Canaccord Genuity Group Inc. (a separate entity).

WILMERHALE

Honorable John G. Koeltl
July 13, 2015
Page 3


his termination date, nevermind in an area of the business in which he was involved at Canaccord, and nevermind to the detriment of Canaccord.  Furthermore, there exists no actual controversy about Canaccord's alleged ability to cancel any stock units that remain following liquidation of the Plaintiff's stock units to satisfy his debt.  Not only has the Plaintiff not yet even vested in any such stock units, but the Loan Agreement does not permit any such cancellation.

Third, the Plaintiff's breach of contract claim (Count Three) should be dismissed as moot since the Plaintiff was paid in full the $150,000 bonus four months before the Complaint was filed.

Fourth, the promissory estoppel claim (Count Four) should be dismissed since the Loan Agreement between the Plaintiff and Canaccord governs the subject matter of the claim.

Fifth, the unjust enrichment claim (Count Five) should be dismissed as duplicative of the breach of contract claim and because the Long Term Incentive Plan governs the subject matter of the claim.

Finally, all claims against Daniel Daviau should be dismissed against him *personally* for the additional reason that there is no basis for individual liability under any of the asserted Causes of Action.

Accordingly, the Defendants seek leave to move to dismiss the Complaint in its entirety.  The Defendants understand that this letter has the effect of extending its deadline to answer or move to dismiss the Complaint until further Order of the Court, and respectfully request that the Court schedule a pre-motion conference and set a briefing schedule so that they may proceed with their anticipated motion to dismiss.  However, the Defendants hereby advise the Court that they are ready to immediately file their Motion to Dismiss upon the court's direction, and do not need any additional time to do so.


Respectfully submitted,

/s/ Ariella Feingold
Ariella Feingold

Cc:    All Counsel (by ECF)


ActiveUS 146645671v.1

WilmerHale

Honorable John G. Koeltl
July 13, 2015
Page 4

## Certificate of Service

I hereby certify that on the 13th day of July 2015, a copy of the pre-motion conference letter of Defendants was filed with the Court through the CM/ECF system and served on all Filing Users.

Dated: July 13, 2015                                      /s/ Ariella Feingold_____
                                                          Ariella Feingold