UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRADFORD BODINE, <br><br> Plaintiff, <br><br> v. <br><br> CANACCORD GENUITY INC. and DANIEL DAVIAU, in his personal and professional capacities, <br><br> Defendants. | Civil Action No. 15-CV-3019 |

**MEMORANDUM OF LAW REPLYING TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT
<u>UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)</u>**

**Wilmer Cutler Pickering
Hale and Dorr LLP**
Jonathan D. Rosenfeld, Esq.
Ariella Feingold, Esq.
*Attorneys for Defendants*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ....................................................................................................................................2

I. DEFENDANTS WERE DUTY-BOUND TO ASSERT LACK OF SUBJECT MATTER JURISDICTION ................................................................................................2

II. COUNT ONE MUST BE DISMISSED BECAUSE PLAINTIFF CANNOT MAINTAIN A CLAIM UNDER NYLL § 193 ..................................................................3

III. COUNT TWO MUST BE DISMISSED BECAUSE PLAINTIFF CONCEDES THAT HIS CLAIM FOR DECLARATORY JUDGMENT IS NOW MOOT ...................6

IV. COUNT THREE MUST BE DISMISSED BECAUSE PLAINTIFF'S BREACH OF CONTRACT CLAIM IS MOOT AND WAIVED ......................................................6

V. COUNTS FOUR AND FIVE, WHETHER FASHIONED AS BREACH OF AN ORAL CONTRACT OR CLAIMS FOR PROMISSORY ESTOPPEL AND UNJUST ENRICHMENT, MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM ............................................................................................................................7

CONCLUSION ................................................................................................................................9

**TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

Beshty v. General Motors,
   327 F. Supp. 2d 208 (W.D.N.Y. 2004), aff'd, 144 F. App'x 196 (2d Cir. 2005).........................5

Hart v. Rick's NY Cabaret Int'l, Inc.,
   967 F. Supp. 2d 901 (S.D.N.Y. 2013).......................................................................................4

Hertz Corp. v. Friend,
   559 U.S. 77 (2010)...................................................................................................................2

Irizarry v. Catsimatidis,
   722 F. 3d 99 (2nd Cir. 2013).......................................................................................................5

O'Grady v. Bluecrest Capital Mgmt. LLP,
   No. 15 Civ. 1108, 2015 U.S. Dist. LEXIS 77187 (S.D.N.Y. June 15, 2015)............................4

Starter Corp. v. Converse, Inc.,
   170 F.3d 286 (2nd Cir. 1999).......................................................................................................8

Topp v. CompAir Inc.,
   814 F.2d 830 (1st Cir. 1987)........................................................................................................2

Wiggins v. Hain Pure Protein Corp.,
   829 F. Supp. 2d 231 (S.D.N.Y. 2011).......................................................................................4

WWF Paper Corp. v. Quinlan,
   2001 U.S. Dist. LEXIS 3444 (S.D.N.Y. 2001).........................................................................8

**State Cases**

Barber v. Deutsche Bank Securities, Inc.,
   2011 N.Y. Misc. LEXIS 4274 (NY Sup. Ct. 2011)..................................................................8

Kletter v. Fleming,
   820 N.Y.S.2d 348 (App. Div. 2006).........................................................................................4

Nassau Trust Co. v. Montrose Concrete Prods. Corp.,
   56 NY2d 175 (NY 1982).........................................................................................................7

Priolo et. al. v. St. Mary's Home for Working Girls, Inc.,
   157 Misc. 2d 494 (NY Sup. Ct. 1993)..................................................................................7, 8

**State Statutes**

New York Labor Law § 193. ...............................................................................................3, 4, 5

**PRELIMINARY STATEMENT**

Defendants Canaccord Genuity Inc. ("Canaccord") and Daniel Daviau ("Mr. Daviau") (collectively, "Defendants") submit this Reply to Plaintiff Bradford Bodine's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (the "Opposition").

Even assuming, *arguendo*, that this Court has subject-matter jurisdiction over the action, the Opposition fails to establish that the Complaint states any claim upon which relief can be granted. To begin with, Count One must be dismissed because Plaintiff cannot set forth a wage claim (and therefore cannot seek liquidated damages) under the New York Labor Law ("NYLL"), as there exist no allegations in the Complaint supporting Plaintiff's newly asserted contention that Canaccord made a deduction against his wages. To the contrary, Plaintiff repeatedly admits in his Complaint that he received the full amount of his $150,000 bonus, complaining only that such amount was not timely paid. Because Plaintiff cannot maintain a wage claim under the NYLL, it is axiomatic that he also lacks a claim under the NYLL against Mr. Daviau in his personal capacity.

Count Two must be dismissed because, as Plaintiff concedes in his Opposition, the facts as they now exist render moot Plaintiff's claim for declaratory judgment.

Count Three is subject to dismissal not only because the breach of contract claim was moot as of the date the Complaint was filed, but because Canaccord's delayed payment of the bonus was due to its attempted negotiation of a global settlement with the Plaintiff, which waived the contract's payment timing provision.

Nor can Counts Four or Five survive Defendants' Motion to Dismiss (even if Plaintiff refashions his quasi-contract claims as a claim for breach of an oral contract), as evidence of

1

prior or contemporaneous oral agreements may not be used to contradict the terms of a written agreement.

## ARGUMENT

I. **DEFENDANTS WERE DUTY-BOUND TO ASSERT LACK OF SUBJECT MATTER JURISDICTION**

As required by the Court's May 15, 2015 Order (Docket Entry ("Dkt.") No. 3), Defendants informed the Court that they believe Canaccord's principal place of business is New York. Such assertion was based on the fact that Canaccord advises the Financial Industry Regulatory Authority ("FINRA") in its annual filings that its *main* address is its New York office and six out of the ten executives who comprise Canaccord's Operating Committee are based full-time in Canaccord's New York office (see Declaration of Canaccord's U.S. General Counsel, Dkt. No. 19). Plaintiff has asserted that Canaccord's principal place of business is not New York but Toronto, Canada, where Canaccord's indirect parent company, Canaccord Genuity Group Inc. is located, and that subject matter jurisdiction therefore exists.

Defendants do not contest that, as set forth in the Opposition, significant corporate decisions and strategy affecting Canaccord take place in Toronto, Canada (Opposition (Opp.) at 12). The parties instead disagree about what effect this fact has on Canaccord's principal place of business, as that term is defined by law. Plaintiff maintains that because high-level decisions at Canaccord are made in Toronto, that city must be deemed Canaccord's principal place of business under Hertz Corp. v. Friend, 559 U.S. 77 (2010). Defendants, in turn, understand that Hertz's nerve center test should be applied to a company without reference to its parent corporation. Topp v. CompAir Inc., 814 F.2d 830, 835 (1st Cir. 1987).

Even assuming there is subject matter jurisdiction, the Complaint must be dismissed in its entirety with prejudice because Plaintiff's stated causes of action fail to set forth any claim upon which relief can be granted.

## II. COUNT ONE MUST BE DISMISSED BECAUSE PLAINTIFF CANNOT MAINTAIN A CLAIM UNDER NYLL § 193

Plaintiff concedes in his Opposition that the Complaint seeks only to establish a wage claim under § 193 of the NYLL (Opp. at 12, n. 10).  Plaintiff further concedes in his Opposition that § 193 of the NYLL governs only *deductions* from wages, not a "refusal to pay wages."  Opp. at 14.  Unfortunately for Plaintiff, wishing in his Opposition that "Defendants used Mr. Bodine's wages to offset the amount Mr. Bodine owed under the Loan Agreement" (Opp. at 13) does not transform this case from a failure to pay wage claim –  as pled in the Complaint – into a cause of action for an unlawful deduction.

As Plaintiff repeatedly asserts in his Complaint, Canaccord initially refused to pay him the $150,000 bonus but ultimately paid such amount two months after his employment ended. See Complaint (Compl.) at ¶ 4 ("Canaccord terminated [Plaintiff's] employment without cause yet repeatedly refused to pay [Plaintiff] that contractually guaranteed bonus until over two months after his employment was terminated."); Compl. at ¶ 57 ("Canaccord did not pay Plaintiff's guaranteed bonus until January 12, 2015.").  Inherent in such assertions is Plaintiff's admission that *no deduction or offset of wages ever occurred*.  Nowhere does Plaintiff allege that Canaccord failed to pay him any portion of the $150,000 bonus amount, or that Canaccord at any time used any portion of the bonus to offset what he owed under the Loan Agreement.[1]  Instead,

---

[1] Any reference in the Loan Agreement that Canaccord *could* repay the loan from other amounts due to Plaintiff is beside the point.  What matters is that there exists no allegation that Canaccord ever offset any amount of wages due to Plaintiff to repay his loan, rendering it impossible for Plaintiff to maintain a claim under § 193 of the NYLL.

3

Plaintiff asserts only that his bonus was not timely paid.  Plaintiff even states as much when setting forth in the Complaint the basis for his NYLL cause of action: "Defendants' *refusal to make* Plaintiff's $150,000 guaranteed minimum bonus payment is a violation of NYLL §§ 190 *et. seq.*, which requires that Defendants pay employees' wages in accordance with their agreed upon terms of employment."  Compl. at ¶ 66. (Emphasis added.)  A refusal to pay wages is not, however, a deduction from wages, as New York courts have repeatedly held.  <u>See, e.g.</u>, <u>Hart v. Rick's NY Cabaret Int'l, Inc.</u>, 967 F. Supp. 2d 901, 952 (S.D.N.Y. 2013) ("[I]n this case, plaintiffs were not paid wages at all.  Plaintiffs argue that § 193(1) should also be read to prohibit deductions from what they term 'earned wages,' *i.e.,* the wages to which a dancer was legally entitled to receive . . . even if such wages were never paid.  But that is not a tenable reading of the statute, as the clause **'deduction[s] from the wages of an employee' naturally presupposes deductions from actual,** *paid* **wages.  Because plaintiffs were never paid such wages, defendants are not liable under § 193(1)**.") (emphasis added); <u>Kletter v. Fleming</u>, 820 N.Y.S.2d 348, 350 (App. Div. 2006) (finding no claim under Section 193 for nonpayment of agreed-upon compensation because the defendant did not "allege any specific deduction in violation of section 193"); <u>Wiggins v. Hain Pure Protein Corp.</u>, 829 F. Supp. 2d 231, 242 (S.D.N.Y. 2011) ("Although executives may be able to bring claims for unauthorized deductions from wages pursuant to § 193…. Wiggins's allegations do not state a claim under § 193 because that section has nothing to do with failure to pay wages . . . governing instead the specific subject of making deductions from wages.") (internal quotation marks omitted); <u>O'Grady v. Bluecrest Capital Mgmt. LLP</u>, No. 15 Civ. 1108, 2015 U.S. Dist. LEXIS 77187, at *22-23 (S.D.N.Y. June 15, 2015) ("Finally, O'Grady's section 193 claim fails because section 193 applies to amounts *deducted* from wages, not *unpaid* wages . . . which is alleged here…. Therefore O'Grady has

4

failed to state a claim pursuant to section 193 of the Labor Law."). Because, as Plaintiff concedes, § 193 of the NYLL governs only *deductions* from wages, and because there exists no factual allegation that Canaccord ever deducted any amount from the $150,000 bonus paid to Plaintiff, he cannot state a claim under § 193 of the NYLL (nor can he therefore seek liquidated damages under the law). The First Cause of Action, against both Canaccord and Mr. Daviau in his individual capacity,[2] must therefore be dismissed with prejudice for failure to state a claim.[3]

---

[2] Even if Plaintiff had been able to state a claim against Canaccord under the NYLL (which he cannot), he would not have been able to maintain such a claim against Mr. Daviau in his individual capacity, as the Complaint improperly relies on Mr. Daviau's official position at Canaccord in attempting to assert that he is an "employer" under the NYLL. As noted by Irizarry v. Catsimatidis, 722 F. 3d 99 (2nd Cir. 2013), the case cited by Plaintiff in his Opposition: "Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status. Instead, to be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." Id. at 109. Because the Complaint ultimately does no more than rely on Mr. Daviau's role as an officer of Canaccord in seeking to hold him individually liable, the Plaintiff's NYLL claim against Mr. Daviau in his individual capacity would be subject to dismissal on this ground as well.

[3] For the reasons set forth in Defendants' initial Memorandum of Law in Support of their Motion to Dismiss, even if Plaintiff could maintain a claim under the NYLL (which he cannot) his claim still would need to be dismissed with prejudice as moot because Canaccord paid Plaintiff the $150,000 bonus at issue four months *before* Plaintiff commenced the litigation. See Beshty v. General Motors, 327 F. Supp. 2d 208, 223(W.D.N.Y. 2004), aff'd, 144 F. App'x 196 (2d Cir. 2005) (where the court held, in a strikingly similar case where the plaintiff was paid his wages before commencing legal action: "Although the complaint on its face asserts a claim under Labor Law § 193, plaintiff is not entitled to relief under that section, nor was he entitled to such relief at the time the complaint was filed, since the claim had already become moot."). Plaintiff's explanation about why he believes this Court should disregard Beshty (Opp. at 16, n. 14) is wholly unconvincing. Not only was Plaintiff unable to cite an analogous case holding differently than Beshty, but his Opposition does nothing to undermine the Beshty Court's rationale that

### III. COUNT TWO MUST BE DISMISSED BECAUSE PLAINTIFF CONCEDES THAT HIS CLAIM FOR DECLARATORY JUDGMENT IS NOW MOOT

As Plaintiff concedes in his Opposition (Opp. at 19, n. 16), Plaintiff's claim for a declaratory judgment invalidating the restrictive covenant in Canaccord's Long Term Incentive Compensation Plan is now moot because such restrictive covenant has, by its terms, expired. As Plaintiff also concedes in his Opposition (Opp. at 19), because Canaccord does not assert the ability to cancel any stock units that remain after applying them to Plaintiff's promissory note pursuant to the Loan Agreement, Plaintiff's claim for a declaratory judgment on this ground is also moot. Count Two must therefore be dismissed with prejudice.

### IV. COUNT THREE MUST BE DISMISSED BECAUSE PLAINTIFF'S BREACH OF CONTRACT CLAIM IS MOOT AND WAIVED

Count Three of the Complaint should be dismissed because the breach of contract cause of action does not set forth a claim upon which relief can be granted. Canaccord never materially breached Plaintiff's Offer Letter, but rather paid Plaintiff in full the bonus amount due therein. Although such payment was made six weeks after the Offer Letter initially anticipated it would be paid, the bonus had been fully paid – and all terms of the contract therefore satisfied – four months prior to Plaintiff's filing of the Complaint, rendering the claim moot as of such date. Equally important, and as set forth in Defendants' initial Memorandum of Law in Support of their Motion to Dismiss, the six-week delayed payment was – as alluded to in Paragraph 58 of the Complaint – due to Plaintiff and Canaccord attempting to negotiate a global settlement. Canaccord's refraining from paying the bonus during the parties' attempted negotiation of such a settlement should be deemed a waiver by Plaintiff of the Offer Letter's payment timing provision

---

there "never was an independent action to enforce the substantive provisions of the Labor Law, nor could there have been, since plaintiff received the full amount of his final paycheck before this action was commenced." Id.

and preclude his later breach of contract claim based on such delayed payment. See Nassau Trust Co. v. Montrose Concrete Prods. Corp., 56 NY2d 175, 184 (NY 1982) (holding that a valid waiver "requires no more than the voluntary and intentional abandonment of a known right which, but for the waiver would have been enforceable").

**V.    COUNTS FOUR AND FIVE, WHETHER FASHIONED AS BREACH OF AN ORAL CONTRACT OR CLAIMS FOR PROMISSORY ESTOPPEL AND UNJUST ENRICHMENT, MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM**

Plaintiff cannot avoid dismissal of his promissory estoppel and unjust enrichment claims by attempting in his Opposition to refashion them as a claim for breach of an oral contract. See Opp. at 18 ("Thus, Mr. Bodine's fourth and fifth cause of action for promissory estoppel and unjust enrichment are more appropriately considered a breach of contract claim.")  Even assuming, *arguendo*, that Mr. Bodine entered into the Loan Agreement based on Canaccord's oral promise that he would be compensated well enough that he would not have to repay the promissory note with his collateralized Stock Award, New York case law firmly establishes that such evidence cannot be offered to contradict the express terms of the Loan Agreement, even if it does not contain an integration clause. See Priolo et. al. v. St. Mary's Home for Working Girls, Inc., 157 Misc. 2d 494, 498-499 (NY Sup. Ct. 1993) ("Even absent a merger clause, if the contract is clear and unambiguous and complete[,] evidence of prior or contemporaneous oral agreements may not be offered to contradict the writing.")  Here, the Loan Agreement expressly provides, without qualification or exception, for the collateralization of the stock units to repay the promissory note.  Therefore, as in Priolo, "any claim for breach of contract based upon the oral promises does not lie and the [] cause of action [must be] dismissed." Id. at 499.  See also Barber v. Deutsche Bank Securities, Inc., 2011 N.Y. Misc. LEXIS 4274, * 12  (NY Sup. Ct. 2011) (granting defendants' motion to dismiss after holding that a prior alleged oral promise was

7

merged and subsumed within a subsequent written agreement regarding the same subject matter: "Despite [Plaintiff's] argument that the [written contract] did not subsume the oral agreement because it lacked an integration clause, New York courts have held that subsequent written agreements will subsume prior agreements even with the absence of an integration clause.") Further, Plaintiff's assertion that Canaccord's alleged oral agreement is "collateral to the Loan Agreement so that it can be proved by parol evidence" is simply false (Opp. at 18, n. 15).  The case cited by Plaintiff in support of this proposition, Starter Corp. v. Converse, Inc., 170 F.3d 286 (2nd Cir. 1999), simply provides that if a finding has been made that an agreement is not integrated, then the parol evidence rule does not apply.  However, the mere fact that an agreement lacks an integration clause does *not* mean that the agreement is not integrated, nor have New York cases allowed parol evidence to contradict the terms of a written agreement regarding the same subject matter.  This is particularly true in cases like this involving promissory notes where the courts have held – directly at odds with Plaintiff's assertion – that an obligor *cannot* avoid liability by relying on a contrary collateral understanding.  See WWF Paper Corp. v. Quinlan, 2001 U.S. Dist. LEXIS 3444, * 4-5 (S.D.N.Y. 2001) ("New York cases determining the integration issue in the bills and notes context where a merger clause is lacking consistently hold that the instrument in question is a complete integration when the obligor seeks to avoid liability imposed by the clear terms of the instrument by proof of a collateral understanding at variance with those terms.")

     Finally, to the extent Plaintiff attempts to reassert claims for promissory estoppel and unjust enrichment as an alternative to his newly-minted breach of oral contract claim (Opp. at 18), such claims must also fail for the reasons previously set forth in Defendants' initial Memorandum of Law in Support of their Motion to Dismiss (and not controverted by the

Opposition).  Counts Four and Five of the Complaint must therefore be dismissed with prejudice.[4]

## CONCLUSION

For the aforementioned reasons, the Court should grant Defendants' Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated:  Boston, Massachusetts
        December 31, 2015

Respectfully submitted,

/s/ Ariella Feingold
Jonathan D. Rosenfeld
  (admitted *pro hac vice*)
Ariella Feingold
Wilmer Cutler Pickering
 Hale and Dorr LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6000
Fax: (617) 526-5000
jonathan.rosenfeld@wilmerhale.com
ariella.feingold@wilmerhale.com

*Attorneys for Defendants Canaccord Genuity Inc. and Daniel Daviau*

---

[4] Plaintiff concedes in his Opposition – by only asserting personal liability against Mr. Daviau under the NYLL (Opp. at 16) – that such claims would have been subject to dismissal against Mr. Daviau in his personal capacity even if they were not also subject to dismissal against Canaccord, as New York law precludes Plaintiff from maintaining contract or quasi-contract claims against Mr. Daviau in his personal capacity (see Section 8 of Defendants' initial Memorandum of Law in Support of their Motion to Dismiss).

9